IN THE CIRCUIT COURT
OF SIMPSON COUNTY, MISSISSIPPI

WENDY WAGNER,

    Plaintiff

vs.                                                Cause No. 2017-324-2

LINDA WARREN, STATE FARM
INSURANCE, and JOHN and JANE DOES 1
– 10,

    Defendants.

## COMPLAINT
(Jury Trial Demanded)

COMES NOW, Plaintiff, Wendy Wagner, by and through her undersigned counsel, and files this her Complaint against the Defendants, Linda Warren, and State Farm Insurance, and in support thereof respectfully presents the following:

### PARTIES

1. Plaintiff, Wendy Wagner, is an adult resident citizen of the State of Mississippi. At all relevant times, the Plaintiff has resided in Simpson County, Mississippi.

2. Defendant, Linda Warren, (hereinafter "Defendant Warren") is an adult resident citizen of Simpson County, Mississippi and may be served with process at 170 Abbies Lane, Florence, Mississippi 39073 or where she may be found.

3. Defendant, State Farm Insurance (hereinafter "Defendant State Farm") is a foreign insurance company based in the state of Illinois, and is and was doing business in the State of Mississippi at all times relevant to this action. Defendant State Farm may be served with process by serving

FILED
OCT 26 2017
SIMPSON COUNTY
CIRCUIT COURT

*Wagner v. Warren, et al.* – Complaint                                             Page 1 of 12

EXHIBIT "A"

Mike Chaney, Commissioner of Insurance for the State of Mississippi.

4.  Defendants, JOHN and JANE DOES 1 – 10 are corporations, entities, businesses, individuals and the like which are presently unknown to Plaintiff, but who are liable in this cause, and who the Plaintiff asserts are unable to be currently identified, despite diligent efforts. Said Defendants are named pursuant to M.R.C.P. 9(h), insofar as their acts and/or omissions were negligent and/or otherwise tortuous with respect to the damages suffered by Plaintiff.

## JURISDICTION

5.  This Complaint is based on claims made by the Plaintiff against the Defendants arising under the laws of the State of Mississippi. This Court has subject matter jurisdiction and personal jurisdiction since the incident at issue occurred in Simpson County, Mississippi; Plaintiff resides in Simpson County, Mississippi; Defendant State Farm Insurance is doing business in Mississippi, and the amount in controversy is within the jurisdictional limits of this Court.

## VENUE

6.  Venue is properly fixed in this Court since the accident at issue occurred in Simpson County, Mississippi, Plaintiff resides in Simpson County, Mississippi, Defendant Warren resides in Simpson County, Mississippi and Defendant State Farm Insurance has been and is doing business in Simpson County, Mississippi.

## FACTUAL BACKGROUND

7.  On or about May 24, 2015, Plaintiff, Wendy Wagner, was traveling north on Star Braxton Road in Simpson County, Mississippi. The vehicle being driven by Defendant Warren, in the opposite lane, and traveling south suddenly and without warning turned into Plaintiff's lane of travel and hit the vehicle Plaintiff was driving. At all times relevant herein, the vehicle

Plaintiff was driving was driven in a lawful, careful and prudent manner and in obedience to all applicable laws, ordinances and rules of the road. Defendant, Warren, owed the same duty to Plaintiff which she breached.

8. At the time of the collision, it was daylight, the roadway was dry and the visibility was clear.

9. The collision directly and proximately resulted in physical, mental and emotional injuries to Plaintiff and other damages and losses.

## CAUSES OF ACTION

### COUNT I: NEGLIGENCE – DEFENDANT WARREN

10. Defendant Warren was careless, reckless, and negligent in the operation of the vehicle she was operating in the following ways, to-wit:

    (a) Operating said vehicle at an unsafe speed;

    (b) Failing to keep a reasonable and proper outlook for other traffic;

    (c) Failing to yield the right of way;

    (d) Failing to have said vehicle under reasonable and proper control;

    (e) Driving and operating her vehicle at an excessive rate of speed under the facts and circumstances then and there existing;

    (f) Failing to stop said vehicle;

    (g) Failing to comply with numerous other provisions of Title 63, Chapter 3 of the laws of the State of Mississippi, commonly known as Traffic Regulations and Rules of the Road;

    (h) Failing to comply with numerous other provisions of Title 63, Chapter 7 of the laws of the State of Mississippi, commonly known as Equipment

and Identification;

(i) Driving and operating her vehicle in a careless or imprudent manner, without due regard for the traffic and use of the streets and highways and all other attendant circumstances in violation of Miss. Code Ann. §63-3-1213, careless or imprudent driving.

(j) Failing to properly maintain and inspect said vehicle;

(k) Failing to do any other reasonable acts necessary to avoid said collision;

(l) Other ways which are as yet unknown, but may be revealed through the course of discovery; and

(m) Failing to be insured.

11. The negligent actions and inactions of Defendant Warren were the direct and proximate cause of the harm suffered by Plaintiff, including past, present and future physical pain and suffering; emotional and mental distress, past, present and future; medical expenses, past, present and future; temporary and permanent physical impairment and disability; loss of income and/or wage earning capacity; loss of enjoyment of life; and all other damages recoverable under the laws of the State of Mississippi.

### COUNT II:  NEGLIGENCE PER SE – DEFENDANT WARREN

12. The allegations contained in the preceding paragraphs are incorporated herein by reference.

13. The mere occurrence of the actions of Defendant Warren when she recklessly caused her vehicle to collide with Plaintiff's vehicle, should allow for an inference of negligence against said Defendant.

14. The nature of the events described herein is of the type that does not ordinarily

occur in the absence of negligence.

15. The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the acts and/or omissions of Defendant Warren proximately caused the damages and injuries sustained by the Plaintiff.

### COUNT III:  RES IPSA LOQUITUR – DEFENDANT WARREN

16. The allegations contained in the preceding paragraphs are incorporated herein by reference.

17. The acts and/or omissions of Defendant Warren under the present set of circumstances, provide an inference of negligence on the part of said Defendant so as to establish a prima facie case. The mere occurrence of this incident and the resulting injuries to Plaintiff, taken with the surrounding circumstances, should allow for an inference of negligence against said Defendant.

18. Defendant Warren negligently, if not intentionally, failed to exercise reasonable care to avoid the resulting damages.

19. The duty of care owed to the Plaintiff was therefore breached by the Defendant Warren.

20. The nature of the events described herein is of the type that does not ordinarily occur in the absence of negligence.

21. The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the acts and/or omissions of Defendant Warren proximately caused the damages and injuries sustained by the Plaintiff.

### COUNT IV:   NEGLIGENCE – DEFENDANT STATE FARM

22. On May 24, 2015, Plaintiff, Wendy Wagner, owns/owned a Toyota Avalon and a Dodge pickup.

23. Plaintiff, Wendy Wagner, purchased two automobile insurance policies from Defendant, State Farm Insurance. True and correct copies of each insurance policy is in possession of Defendant, State Farm Insurance.

24. All premiums due under said policies were paid by Plaintiff, Wendy Wagner, to Defendant, State Farm Insurance.

25. At the time of the collision descried above, Defendant State Farm Insurance insured the vehicle that Plaintiff was traveling in against damages and losses caused by the actions of uninsured/underinsured motorists such as Defendant Warren. Thus, as a result of the uninsured status of Defendant Warren, Defendant State Farm Insurance is liable unto Plaintiff for damages and losses which were caused by Defendant Warren.

26. Following the collision, Plaintiff, Wendy Wagner, made a claim on said insurance policies with Defendant State Farm Insurance for payment of the damages and physical injuries to Plaintiff, Wendy Wagner.

27. Defendant, however, refused said claim and refused to negotiate in "good faith" with Plaintiff, Wendy Wagner.

### COUNT V: DECLARATORY JUDGMENT – STATE FARM

28. The allegations contained in the preceding paragraphs are incorporated herein by reference.

29. Plaintiff seeks declaratory judgment from this court establishing the following:

   a. Coverages under policies numbered 240 9112-E10-24E and 046 0954-A12-24B issued by Defendant, State Farm Insurance are applicable to this claim;

   b. At the time of the subject wreck, Plaintiff was an insured under both policies with Defendant, State Farm Insurance;

   c. The subject policies of insurance include coverages for Uninsured/Underinsured

Motorists.

d. Under the insurance policies there is a duty for State Farm Insurance to comply with the terms of each policy and process the claim quickly;

e. The rights, duties, coverages and responsibilities owed under each policy;

f. The amount of coverage available under each policy;

g. Plaintiff has conformed with provisions of each policy to make a claim; and

h. State Farm Insurance is liable for any judgment against the other Defendant in this cause up to the amount of policy limits and any judgment if rendered over that amount.

## COUNT VI: NEGLIGENCE – STATE FARM

30. The allegations contained in the preceding paragraphs are incorporated herein by reference.

31. Defendant, State Farm Insurance, owed a duty to Plaintiff to provide and procure adequate coverage for Plaintiff's vehicles.

32. Defendant, State Farm Insurance, breached that duty by not providing and procuring adequate coverage for Plaintiff's vehicles, which would have included more uninsured/underinsured coverage.

33. As a direct and proximate result of Defendant, State Farm Insurance's, breach, Plaintiff has suffered the loss of her vehicle and the use thereof, temporary injuries, permanent injuries, medical expenses, anxiety, worry, actual damages, mental and emotional distress and other damages.

## COUNT VII: BREACH OF CONTRACT – STATE FARM INSURANCE

34. The allegations contained in the preceding paragraphs are incorporated herein by reference.

35. Defendant, State Farm Insurance, failed, refused, and neglected to comply with the terms and conditions of said insurance policies and refused to pay the proceeds to Plaintiff and thereby breached the

insurance contracts Defendant had with Plaintiff.

36. As a direct and proximate result of the aforesaid wrongful conduct of Defendant, State Farm Insurance, Plaintiff has suffered the loss of her vehicle and the use thereof, loss of funds paid to Defendant for insurance premiums, loss of insurance proceeds, temporary injuries, permanent injuries, anxiety, worry, mental and emotional distress and other damages.

## COUNT VIII: BAD FAITH – STATE FARM

37. The allegations contained in the preceding paragraphs are incorporated herein by reference.

38. Defendant, State Farm Insurance, owes Plaintiff a duty of good faith and fair dealing under the terms of said insurance policy.

39. Defendant, State Farm Insurance, breached its duty of good faith and fair dealing owed to the Plaintiff in the following respects.

    a. Failure to comply with the term and provisions of said policies when Defendant knew Plaintiff was entitled to said proceeds;

    b. Willfully and in bad faith withholding or delaying payment or compliance with all policy provisions from the Plaintiff knowing that the Plaintiff's claim under said automobile insurance policies were valid;

    c. Refusal to honor the claim of the Plaintiff without a legitimate or arguable reason;

    d. Refusal to honor the claim of the Plaintiff for reasons contrary to the express provisions of the policies;

    e. Willfully and in bad faith using the unequal wealth and bargaining position of the parties to affect economic gain for Defendant;

    f. By refusing to comply with policy terms at a time when Defendant had insufficient information or other data within its possession to justify such action; and

   g. By other acts or omissions of Defendant.

 40. As a direct and proximate result of the aforesaid wrongful conduct of Defendant, State Farm Insurance, Plaintiff has suffered the loss of funds paid to Defendant for insurance premiums, loss of insurance proceeds, loss of her vehicle and the use thereof, temporary injuries, permanent injuries, medical expenses, anxiety, worry, mental and emotional distress and other damages.

### COUNT IX: BREACH OF FIDUCIARY DUTIES – STATE FARM

 41. The allegations contained in the preceding paragraphs are incorporated herein by reference.

 42. By issuing the insurance policies to Plaintiff and accepting premiums from Plaintiff, Defendant, State Farm Insurance, agreed and promised to fully comply with the terms of the policies. Plaintiff submitted her claim to the Defendant, which gave rise to the Defendant's duty to comply as herein alleged. After said duty to comply arose, a fiduciary relationship was created between the Defendant, State Farm Insurance, and Plaintiff. By failing to pay Plaintiff's claim, Defendant breached their fiduciary duty to the Plaintiff by the acts or omissions set forth herein, resulting in damage to the Plaintiff as set forth herein.

 43. As a further proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff has suffered the loss of funds paid to Defendant for insurance premiums, loss of insurance proceeds, loss of her vehicle and the use thereof, temporary injuries, permanent injuries, medical expenses, anxiety, worry, mental and emotional distress and other damages.

### COUNT X: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – DEFENDANTS WARREN AND STATE FARM

 44. The allegations contained in the preceding paragraphs are incorporated herein by reference.

 45. The acts and/or omissions and negligent conduct of Defendant Warren and Defendant State Farm Insurance have caused the Plaintiff severe emotional distress.

46. The above acts and/or omissions of Defendant Warren and Defendant State Farm Insurance constitute negligent infliction of emotional distress and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

### COUNT XI: GROSS NEGLIGENCE– DEFENDANTS WARREN AND STATE FARM

47. The allegations contained in the preceding paragraphs are incorporated herein by reference.

48. Defendants' actions constitute gross negligence and reckless conduct on the part of the Defendant Warren and Defendant, State Farm Insurance.

49. Plaintiff is entitled to damages as a result of the grossly negligent and tortious actions of the Defendant Warren and Defendant State Farm Insurance.

### COMPENSATORY DAMAGES– DEFENDANTS WARREN AND STATE FARM

50. The allegations contained in the preceding paragraphs are incorporated herein by reference.

51. As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiff demands judgment for compensatory damages of and from the Defendants, Warren and State Farm Insurance, including, but not limited to the following:

    a) Past, present and future physical pain and suffering;

    b) Emotional and mental distress, past, present and future;

    c) Medical expenses, past, present and future;

    d) Temporary and permanent physical impairment and disability;

    e) Loss of income or wage earning capacity;

    f) Loss of enjoyment of life;

g) Pre and post judgment interest; and

h) All such further damages and relief, both general and specific, to which Plaintiff may be entitled in equity and law.

### PUNITVE DAMAGES – DEFENDANTS WARREN AND STATE FARM

52. The allegations contained in the preceding paragraphs are incorporated herein by reference.

53. Defendants Warren and State Farm Insurance have subjected Plaintiff to such deprivations by either malice and/or reckless disregard of Plaintiff's safety and rights, justifying also an award of punitive damages.

54. As pleaded, *supra*, as a direct and proximate result of the aforementioned gross negligence of the Defendants, Plaintiff demands judgment for punitive damages of and from the Defendants.

### TRIAL – BY JURY

55. Plaintiff is entitled to a trial by jury and respectfully requests a trial by jury on all issues raised herein.

WHEREFORE PREMISES CONSIDERED, Plaintiff, Wendy Wagner, demands judgment against the Defendants, individually, jointly and severally, for compensatory damages as set forth herein in an amount to be determined by a jury that is sufficient to compensate Plaintiff for her damages; punitive damages to be determined by a jury that is in an amount sufficient to punish and deter Defendants, Linda Warren and State Farm Insurance, from future like conduct; other damages set forth herein in amounts to be determined by a jury; and for such other relief, in law or equity, both general and specific, to which she may be entitled under the

---

*Wagner v. Warren, et al.* – Complaint                             Page 11 of 12

premises including all costs of these proceedings including expert witness fees to be taxed as costs of court and prejudgment and post judgment interest.

RESPECTFULLY SUBMITTED, this the 26th day of October, 2017.

WENDY WAGNER, Plaintiff

By: _____
TERRELL STUBBS, Counsel for Plaintiff

TERRELL STUBBS, MSB# 8017
THE STUBBS LAW FIRM, PLLC
*Counsel for Plaintiff*
120 W. Court Avenue
P.O. Box 157
Mendenhall, MS 39114
P. 601-847-4811
F. 601-847-5938
terrell@stubbsms.com